**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:11CR331 |
| Plaintiff, | ) | |
| vs. | ) | AMENDED TENTATIVE FINDINGS |
| MAUDE T. HILL, | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR"), the Defendant's motion challenging the original Tentative Findings (Filing No. 82),[1] the Defendant's motion for downward departure (Filing No. 84), the Defendant's brief in support of her objections and motion (Filing No. 85), and the government's statement of position (Filing No. 80). In the future, defense counsel is advised to abide by all paragraphs of the Order on Sentencing Schedule and that failure to do so may result in a waiver of matters not raised in accordance with the Court's schedule. *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

**Defendant's Objections**[2]

---

[1] The Court notes that an evaluation referred to in the motion has not been submitted to the Court, as stated in the motion.

[2] The Defendant's additional objections to ¶¶ 30 and 33 will not be addressed, as they are guideline levels that relate to the substantive objection to ¶ 28. It appears that the Defendant waived other objections raised in her earlier statement of objections (Filing No. 79).

The Defendant objects to ¶ 28, in which the Defendant was given a 2-level downward adjustment for role in the offense. She objects, arguing that she is entitled to a 4-level downward adjustment for a minimal role. The objection will be heard at sentencing, and the Defendant has the burden of proof by a preponderance of the evidence.

**Defendant's Motion for Downward Departure**

The Defendant's motion for downward departure (Filing No. 84) will be heard at sentencing.

**Government's Statement**

The government stated that it will not oppose the Defendant's request for a reduction for relief under the safety valve. A request has not yet been made, and the Court will allow the Defendant to make an oral request at sentencing.

The government responded to the Defendant's request for a 4-level reduction for a role as a minimal participant and the lack of a 2-level reduction under U.S.S.G. § 2D1.1(b)(15).

IT IS ORDERED:

1. The Defendant's objection to ¶ 28 of the PSR will be heard at sentencing;

2. The Defendant may request a safety valve reduction orally at sentencing;

3. The Defendant's motion for downward departure (Filing No. 84) will be heard at sentencing;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion

challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 25th day of June, 2012.

BY THE COURT:

S/ Laurie Smith Camp
Chief United States District Judge